UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankr. No. 20-40722 |
| Maureen Leah Stewart, | |
| Debtor. | Chapter 7 |

| | |
|---|---|
| Maureen Leah Stewart, | |
| Plaintiff, | Adv. No. 22-04053 |
| v. | |
| U.S. Department of Education, | |
| Defendant. | |

## AMENDED ORDER RE STIPULATION FOR DISCHARGE OF DEPT. OF EDUCATION LOANS AND TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE

On June 14, 2023, the parties jointly filed a document captioned "Stipulation for Discharge of Plaintiff's United States Department of Education Loans and to Dismiss Adversary Proceeding with Prejudice" (the "Stipulation"). [ECF No. 19.] The parties attached a proposed order to the Stipulation (the "Proposed Order"). [ECF No. 19-1.]

Pursuant to Fed. R. Civ. P. 7(b)(1), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7007, a request for a court order must be made by motion. A motion must state with particularity the grounds for seeking the order. Fed. R. Civ. P. 7(b)(1)(B). To date, the parties have not submitted a motion related to the Stipulation or Proposed Order. Moreover, the Stipulation and Proposed Order, as currently drafted, appear to conflate distinct procedures available to the parties under the Federal Rules of Bankruptcy Procedure:

1. To the extent the parties are seeking entry of an order approving the substantive terms of the Stipulation, the parties are directed to file a motion pursuant to Fed. R. Bankr. P. 9019. A bankruptcy court may approve a settlement that is "fair and equitable." See Fed. R. Bankr. P. 9019(a);

<u>Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968) (citation omitted); <u>Tri-State Fin., LLC v. Lovald</u>, 525 F.3d 649, 654 (8th Cir. 2008). In doing so, the court considers the following factors: (1) the probability of success in the litigation; (2) the complexity, expense, and likely duration of such litigation; (3) the difficulties in collection in the possible judgment; and (4) interest of creditors. <u>Tri-State Fin., LLC</u>, 525 F.3d at 654. A party bringing a motion under Fed. R. Bankr. P. 9019 must generally provide 21 days' notice by mail to the debtor, the trustee, all creditors, and indenture trustees. Fed. R. Bankr. P. 2002(a)(3).

2. To the extent the parties have stipulated to facts related to the Debtor's financial condition and they are seeking from this court a judicial determination whether the Debtor "satisfies the criteria for discharge due to an 'undue hardship' under 11 U.S.C. § 523(a)(8)," the parties are directed to file a stipulation of facts and a motion for summary judgement pursuant to Fed. R. Bankr. P. 7056. [Proposed Order at 1, ECF No. 19-1.] In the Eighth Circuit, courts evaluate three factors under a totality of the circumstances test to determine whether "undue hardship" exists: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and debtor's dependent's reasonable and necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. <u>Long v. Educ. Credit Mgmt. Corp. (In re Long)</u>, 322 F.3d 549, 554 (8th Cir. 2003).

3. To the extent the parties intended to stipulate to voluntary dismissal with prejudice, without requiring court approval of the Stipulation or Proposed Order, the parties may revise their Stipulation accordingly and withdraw the Proposed Order. The Defendant has not yet filed an answer in this adversary proceeding. Pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41(a), the parties do not need to file and serve a motion, nor do they require a court order approving a stipulation to dismiss. <u>Adams v. USAA Cas. Ins. Co.</u>, 863 F.3d 1069, 1080 (8th Cir. 2017) ("Rule 41(a)(1) cases require no judicial approval or review as a prerequisite to dismissal; in fact, the dismissal is effective upon filing, with no court action required"). If the Stipulation filed by the parties is correctly understood to be a Rule 41(a) stipulation, this court will not review, revise or enter the Proposed Order. In such case, the parties' act of filing the Stipulation would deprive this court of authority to enter further orders and entry of the Proposed Order would constitute an abuse of discretion by this Court. <u>See, e.g., Gardiner v. A.H. Robins Co.</u>, 747 F.2d 1180, 1189-90 (8th Cir. 1984) (a stipulated dismissal generally ends the action upon filing).

There is no mechanism under the Federal Rules of Bankruptcy Procedure by which the parties to this adversary proceeding may direct the Bankruptcy Court to

adopt a litigant's "determination that Plaintiff satisfies the criteria for discharge due to an 'undue hardship' discharge under 11 U.S.C. § 523(a)(8)," in connection with a stipulation to voluntarily dismiss pursuant to Civil Rule 41(a) and Bankruptcy Rule 7041. [Proposed Order at 1, ECF No. 19-1.] The parties may, however, resolve this adversary proceeding by consenting to entry of a judgment that expressly states that the loans described in the Stipulation are dischargeable due to undue hardship under 11 U.S.C. § 523(a)(8). A consent judgment does not constitute a judicial determination of the undue hardship standard under 11 U.S.C. § 523(a)(8). The court's exercise of judicial power is limited to confirming the existence of the parties' consent. Pursuant to 11 U.S.C. § 346(j)[1] and § 727, the loans identified in the Stipulation would be discharged upon entry of the order granting the Debtor's discharge and the discharge of Debtor's student loan indebtedness would not constitute income for the purpose of Federal, State, or local income taxes. If this was the parties' intention, they are directed to revise their Stipulation and submit a consent judgment of dischargeability in lieu of the Proposed Order.

DATED: *June 29, 2023*

*/e/Kesha L. Tanabe*
_____
Kesha L. Tanabe
U.S. Bankruptcy Judge

---

[1] The order entered on June 22, 2023 included an incorrect citation to 11 U.S.C. § 546(j). The order was amended to include the correct citation to § 346(j) in connection with the discussion of Federal, State, or local income tax consequences for discharging the Debtor's student loan indebtedness.